# THE STATE OF TEXAS V. C. T. NELSON ET AL.

No. A-7430. Decided April 13, 1960.
(334 S.W. 2d Series 788)

*Will Wilson*, Attorney General, *H. Grady Chandler, Joseph G. Rollins* and *James P. Ryan*, Assistant Attorneys General, for petitioner.

This being a case where the trial court had potential jurisdiction over the subject matter, the Court of Civil Appeals erred in failing to hold that the action of the condemnees in invoking

the jurisdiction of the trial court, as to the approximately 0.3 of an acre of land, had estopped them from later being heard to attack the jurisdiction of the court to take such action. Mier v. Housing Authority of Dallas, 153 Texas 236, 266 S.W. 2d 842; Texas Osage Co-op v. Royalty Pool Co., 270 S.W. 2d 450, error refused, N.R.E.; McKee v. Stewart, 132 Texas 260, 162 S.W. 2d 948.

*Frank L. Scofield* and *J. Hubert Lee,* both of Austin, for respondents.

On trial in County Court of the appeal from an award of the Board, neither the court nor the parties may by agreement, consent or estoppel, by-pass the original jurisdiction of the Board by amending the condemnor's petition so as to include a new and additional piece of land in the trial of the case appealed. Hall v. Wilbarger County, 37 S.W. 2d. 1041, affirmed by the Com. App., 55 S.W. 2d 797; Kirk v. Kirk, 137 Texas 44, 152 S.W. 2d 726.

MR. JUSTICE WALKER delivered the opinion of the Court.

This is a condemnation proceeding instituted by the State of Texas, petitioner, against C. T. Nelson and wife, respondents, to acquire certain land to be used as right of way for Interstate Highway No. 35. The statement for condemnation filed with the county judge and acted upon by the commissioners purports to describe by metes and bounds a tract of land alleged to contain 6.706 acres, more or less. In the course of the trial on appeal in the county court, the State was permitted to amend the description to embrace an adjoining strip of land some 42 feet wide by 345 feet long, containing .3 of an acre. This was done pursuant to a stipulation of the parties, but after the jury returned its verdict respondents moved to dismiss the cause on the ground that the court had no jurisdiction to condemn the .3-acre strip. The motion was overruled, and judgment was entered condemning the entire tract as described in the trial amondment. The Court of Civil Appeals reversed, dismissed the proceeding as to the additional strip, and remanded the cause with respect to the remainder of the land. 324 S.W. 2d 898.

1,2 Having agreed to the trial amendment, respondents are not in position to complain of the same unless the court had and could acquire no jurisdiction over the additional land. It is our opinion that the amendment was properly allowed under the circumstances disclosed by this record. When objections to the

commissioners' decision are timely filed, the cause is to be tried and determined by the county court as in other civil cases. Article 3266, Vernon's Ann. Texas Civ. Stat. Subject to jurisdictional limitations, there is no reason why the rule which permits pleadings to be amended should not apply to the proceeding after it has become a case in court. See Gulf, C. & S. F. Ry. Co. v. Kerfoot, 85 Texas 267, 20 S.W. 59. It is settled, for example, that the pleadings can be amended in the county court to set up additional grounds for attacking the award. Coastal States Gas Producing Co. v. Pate, 158 Texas 171, 309 S.W. 2d 828. Where the landowner will not be prejudiced, the condemning authority may also amend the description and abandon part of the land or rights which it had previously sought to condemn. Texas Power & Light Co. v. Cole, 158 Texas 495, 313 S.W. 2d 524.

**3** On the other hand, Section 1 of Article 3264, Vernon's Ann. Texas Civ. Stat., provides that the statement for condemnation shall describe the land sought to be condemned. As pointed out in Galveston, H. & S. A. R. R. Co. v. Mud Creek I. A. & M. Co., 1 White & W. Civ. Cas. Ct. App. Sections 393, 394 et seq. the written statement is the initiatory step in the proceeding, and it is by virtue of this step that jurisdiction over the subject matter involved is acquired. Unless the land to be taken is adequately identified, the owner cannot know what portion of his property is required, nor the commissioners what damages to assess, nor can the court by its decree effectively pass title. It has accordingly been held that the jurisdiction of the tribunal having power to condemn does not attach unless the statement includes a legally sufficient description of the property sought to be condemned. Wooten v. State, 142 Texas 238, 177 S.W. 2d 56; Parker v. Fort Worth & D. C. R. Co., 84 Texas 333, 19 S.W. 518. In each of these cases the proceeding went to judgment without an adequate legal description, and there was no attempt to cure the defect by amendment.

Some of our Courts of Civil Appeals have taken the position that the county court has no power to allow an amendment changing, or correcting a mistake in, the description of the land, or supplying essential jurisdictional allegations omitted from the original statement. Johnston v. Galveston County, Texas Civ. App., 85 S.W. 511 (wr. dis.); Wise v. Abilene Water Co., Texas Civ. App., 261 S.W. 549 (wr. dis.). The contrary view was expressed in Houston & T. C. R. Co. v. Postal Telegraph Cable Co., 18 Texas Civ. App. 502, 45 S.W. 179 (no writ), where it was said that the authority of the county court to allow amend-

ments, and its jurisdiction to try the cause upon such amendments, are as complete as though the proceedings had originated in that court.

4. As observed by the court in the Johnston case cited above, the eminent domain jurisdiction of the county court is appellate as distinguished from original or concurrent. The parties may not avoid an initial administrative hearing even if they wish to do so. Our statutes permit the court to act only after the damages have been determined by three disinterested freeholders of the county. When the statutory plan is followed, the parties often accept the commissioners' decision or settle their differences shortly after the award is made. The Legislature evidently had this in mind when it admonished the county judge that in appointing the special commissioners he should give preference to those agreed upon by the parties. Many eminent domain proceedings are thus brought to a prompt and reasonably satisfactory conclusion with a minimum of expense and inconvenience to the parties. A holding that the county court on appeal has all of the power of a court of original jurisdiction would tend to thwart the purpose of the Legislature in providing for the administrative hearing. It would also violate the elementary rule as to the subject matter over which an appellate tribunal may properly exercise its jurisdiction. See Wilbarger County v. Hall, Com. App., 55 S.W. 2d 797; 2 Am. Jur. Appeal and Error, Section 11.

Since the Legislature has not seen fit to give the county court original jurisdiction in eminent domain proceedings, such court does not have unlimited power to enlarge the subject matter of a particular cause by allowing amendments to the pleadings. It could not, for example, acquire by amendment the power to condemn land which is not described in the statement for condemnation and where there is nothing in the statement to suggest that the condemning authority intended to take the same. This is not to say that the court can never order the condemnation of any land other than that which would be conveyed if the description appearing in the statement were used in a deed.

The original description of the land in this case is quoted in the opinion of the Court of Civil Appeals. It first refers to the record of the deed conveying the tract out of which the land to be taken is carved. The metes and bounds description begins *"at a point in the south property line,* said point being on the centerline of U. S. Highway 81 (Interstate [35]) at Engineer's Station 14 + 24.3 as located by the Texas Highway Department,

and also being in the north right of way line of an abandoned county road; THENCE NORTH 60° 54' West 96.5 feet along said north right of way line to a point, *said point being the southwest property corner,* and also being in the east right of way line of the existing U. S. Highway 81; * * * ." After giving the courses and distances of the west and north lines and part of the east line, the dscription reads "THENCE SOUTH 15° 21' East 571.5 feet parrallel to and 150.0 feet from the centerline of U. S. Highway 81 (Interstate [35]) to a point said point being in the north right of way line of an abandoned county road; THENCE NORTH 60° 54' West 210.1 feet along said north right of way line to the point of beginning and containing 6.706 acres of land, more or less."

During the trial in the county court, petitioner learned that the south line of respondents' property is in the center of the abandoned county road. It also developed that the fence which the surveyor had accepted as marking the north line of such road is actually some 22 feet north of the road. Respondents stated that they had no objection to petitioner's taking the strip between the fence and the center of the abandoned road provided they were paid for it. By stipulation of the parties a trial amendment was then filed amending the description to begin "at a point in the south property line, said point being on the centerline of U. S. Highway 81 (Interstate [35]) at Engineer's Station 14 + 83.4 as located by the Texas Highway Department, and also being the centerline of an abandoned county road." The last two calls in the original description were changed to read "THENCE S. 15° 21' E. 630.6 feet parallel to and 150.0 feet from the centerline of U. S. Highway 81 (Interstate [35]) to a point, said point being in the south property line; THENCE No. 60° 54' W. 245.1 feet along said south property line to the point of beginning, and continuing 7.00 acres of land, more or less."

5 Although petitioner argues otherwise, we are inclined to the view that the description in the original statement is not ambiguous as that term is ordinarily used. For the purpose of this opinion it will be assumed that parol evidence would not be admissable to explain a deed purporting to convey land so described, and that such a conveyance could not be construed to embrace the additional 42-foot strip. We are not here concerned, however, with the construction of a deed but with the power of an appellate tribunal to permit amendments during or prior to a trial de novo. In the light of the testimony in this case, the original description is not entirely harmonious with

respect to the location of the south line of the land sought to be condemned. It calls to begin in respondents' south property line, and the southwest corner is said to be the southwest property corner. Viewed as a pleading rather than as an instrument divesting title, it shows that petitioner believed the north line of the road to be respondents' south property line and thought such line was intersected by the centerline of the new highway at Engineer's Station 14 + 24.3. It also suggests that petitioner intended for the property taken to extend to and along the south property line from the southwest corner of respondents' land to a point where such line is intersected by another line drawn 150 feet east of and parallel to the centerline of the new highway. This is enough in our opinion to give the county court jurisdiction to allow an amendment correcting the description to include the additional land which the statement indicates was intended to be taken.

**6,7** Where the original statement contains a legally adequate description, the subject matter of the proceeding is not restricted to that which would be conveyed if such description were used in a deed but extends to all property and rights which under any possible construction can fairly be said to be involved. If the matter goes to judgment without amendment, the court should condemn only the property described in the statement. But when it develops during the trial on appeal that there are discrepancies in the description, the trial court has power to and should permit an amendment eliminating the same provided this can be done without material prejudice to the landowner. This assumes, of course, that the description as amended does not inject entirely new subject matter into the proceedings. We hold, therefore, that the amendment was properly allowed and that the county court did not exceed its jurisdiction in condemning the entire 7-acre tract. The commissioners' decision had already been appealed, and it seems to us that there is no reason, legal or otherwise, for requiring a second administrative hearing, and possibly an appeal therefrom, to deal with the .3-acre strip when the initial statement indicates that petitioner was attempting to take the same from the beginning.

**8,9** We agree with the Court of Civil Appeals that the filing of the statement for condemnation in this case with the County Judge of Travis County rather than with the County Judge of Williamson County where respondents claim to live is not jurisdictional. It is also our opinion that respondents' third and fifth points in the Court of Civil Appeals, which assert that the jury's findings are without support in the evidence, do not pre-

sent reversible error. Their remaining points attack the findings as being contrary to the overwhelming weight and preponderance of the evidence. The Court of Civil Appeals has not considered these questions and we have no jurisdiction to do so.

The judgment of the Court of Civil Appeals is reversed and the cause is remanded to that court for consideration of respondents' fourth and sixth points.

Opinion delivered April 13, 1960.