**Mrs. J. A. STUBBLEFIELD, Appellant,**

v.

**The STATE of Texas et al., Appellees.**

**No. 315.**

Court of Civil Appeals of Texas.

Tyler.

Feb. 8, 1968.

Rehearing Denied March 28, 1968.

---

1. Acts 1965, 59th Leg. p. 1256, Ch. 577, § 2, eff. Aug. 30, 1965; Acts 1967, 60th Leg. p. 1083, Ch. 475, § 3, eff. Aug. 28, 1967.

Adams, Granberry & Hines, Chester V. Hines, Crockett, for appellant.

Nat Patton, Jr., County Atty., Houston County, Crockett, for appellees.

MOORE, Justice.

This is an appeal from a judgment in a condemnation case.

The State of Texas, acting by and through the Commissioners' Court of Houston County, filed a petition with the County Judge seeking to condemn, for highway purposes, a strip of land owned by appellant, Mrs. J. A. Stubblefield, situated in Houston County, Texas, and described as follows:

"7.33 acres of land, more or less, same being a part of and out of a 160 acre tract in the Berry J. Bray Survey, Abst. 213 and a 30 acre tract in the D. Stilts Survey, Abst. 960, Houston County, Texas; which 7.33 acres of land, more or less, is more particularly described as follows:

"BEGINNING at a point on the proposed west right-of-way line of F.M. 2545, said point bears West 1701.5 feet from the northwest corner of said 160 acre tract and bears West 51.5 feet from Engineers' Centerline Station 202+45;

"THENCE East 103.0 feet to a point in the east right-of-way line, said point being 50 feet from and at right angles to Engineer's Centerline Sta. 202+32.8;

"THENCE S 14° 20′ W along said east right-of-way line, a distance of 1427.5 feet to the beginning of a curve to the

left with central angle of 6° 55′ and radius of 2814.93 feet;

"THENCE in a southwesterly direction along said curve 345.8 feet to the end of the curve, being 50 feet from and at right angles to Engineers' Centerline Station 220+06.1;

"THENCE S 7° 25′ W continuing along said east right-of-way line, a distance of 1704.4 feet to a point in the west boundary line of said 30 acre tract, said point being 50 feet from and at right angles to Engineers' Centerline Station 237+10.5;

"THENCE N 3° 00′ W, 553.2 feet to a point in the west right-of-way line, said point being 50 feet from and at right angles to Engineers' Centerline Sta. 231+66.5;

"THENCE N 7° 25′ E along said west right-of-way line a distance of 1160.4 feet to the beginning of a curve to the right with central angle of 6° 55′ and radius of 2914.93 feet;

"THENCE in a northeasterly direction along said curve 345.8 feet to the end of the curve, being 50 feet from and at right angles to Engineers' Centerline Station 216+60.3;

"THENCE N 14° 20′ E continuing along said west right-of-way line, a distance of 1403.1 feet to the place of beginning."

The petition alleged that the fee simple title was owned by appellant, Mrs. J. A. Stubblefield, and she was named as the sole and only party defendant.

The County Judge appointed Special Commissioners, who gave proper notice to appellant and held a hearing, after which they rendered their award. The decision and award of the Special Commissioners described the 7.33 acre tract by a metes and bounds description which was identical with that contained in the petition. The award, however, in addition to describing the 7.33 acre tract, went further and described a 0.14 acre tract stating that it was also being condemned and described the same as follows:

"A part of and out of the D. Stilts Survey, A–960, Houston County, Texas, and located approximately 4.5 miles Southwest of Kennard on proposed F.M. Hwy. 2545;

"Being on the East side of proposed F.M. 2545, a strip or parcel of land 75 feet long and 80 feet wide, 40 feet on each side of a channel centerline, and containing 0.14 acres of land more or less, said centerline being described as follows:

"BEGINNING at a point 50 feet to the left and at right angles to Engineer's Centerline Station 235+25;

"THENCE S 82–35 E, 75.0 feet to the end of said strip."

The award of the Special Commissioners further recited:

"That on the 13th day of January, 1964, said Special Commissioners did convene, and the following named parties appeared in person or by their attorneys: ——————————— and announced ready for such hearing, and said Special Commissioners proceeded to hear evidence as to the damages which will be sustained by the owner or owners, by reason of the taking of said easement and, after hearing and considering such evidence, said Special Commissioners did find and determine and accordingly assess damages to be paid by the County of Houston, according to the rules of damages set fourth in Article 3265, Revised Civil Statutes of Texas, in the total amount of One thousand three hundred ninety-seven and 40/100 Dollars ($1,397.-40). For fences and gates. *This sum to be divided between Mrs. J. A. Stubblefield and Gordon Stubblefield equally. This being the same tract of land owned by Mrs. J. A. Stubblefield and Gordon Stubblefield. Same being 7.33 and 0.14 acres."* (Emphasis supplied.)

Appellant, Mrs. J. A. Stubblefield, timely filed her objection to the award and thereby perfected her appeal to the County Court. The trial in the County Court of Houston County was before a jury. The cause was submitted to the jury in three Special Issues. In response to Special Issue No. 1, the jury found that the "market value of the strip condemned" was $733.00. In answer to Special Issues 2 and 3, the jury found that the value of the defendant's remaining tract of land exclusive of the strip condemned immediately before the strip was taken was $21,267.00, and that the market value of the remainder immediately after the taking was $23,925.30.

The trial court rendered judgment on the verdict awarding appellant the sum of $733.00 for the land taken and denied appellant a recovery for any damages to the remainder. The judgment recited as follows:

" * * * the Plaintiffs shall be invested with and shall have and recover of and from said Defendant all of the right title and interest for right-of-way purposes for, in, over, and upon the following described tract of land; and the Defendant shall be divested of the fee simple title, same being all of her right title or interest in and to the following land; *said land being taken for right-of-way purposes being an undivided one-half (½) interest in and to 7.33 acres of land and 0.14 acres* (emphasis supplied) out of the hereinafter described tract of land located and situated in Houston County, Texas and described as follows:

"TRACT ONE:"

(Here follows a metes and bounds description identical with that in the petition quoted above.)

"TRACT TWO:"

(Here follows a metes and bounds description of a 0.14 acre tract, identical with the 0.14 acre tract described in

the award of the Special Commissioners.)

After filing a motion for new trial, appellant duly perfected her appeal from the judgment. The record before us consists of a transcript and an agreed Statement of Facts in an abbreviated, narrative form.

While appellant attacks the judgment by 19 Points of Error, neither of the points raises the question of fundamental error. In view of our conclusion that the judgment is fundamentally erroneous, a discussion of the appellant's points will not be necessary.

■ It is now settled that the Courts of Civil Appeals have the authority and duty to consider fundamental error apparent upon the face of the record, though not assigned since the adoption of the Rules of Civil Procedure. That the trial court exercised jurisdiction when none existed is fundamental error. Rule 374, T.R.C.P.; Glenn v. Armstrong (Tex.Civ.App.) 284 S.W.2d 165; Murray v. Brisco (Tex.Civ. App.) 209 S.W.2d 976; Ramsey v. Dunlop, 146 Tex. 196, 205 S.W.2d 979.

■ We think fundamental error is apparent upon the face of the record for the following reason. Appellees' petition in condemnation described only a 7.33 acre tract. No mention was made of a 0.14 acre tract. Although the 0.14 acre tract was not mentioned in the petition, both the award of the Special Commissioners and the judgment show that the condemnor was awarded title and possession of a 0.14 acre tract out of a 30-acre tract owned by appellant in the D. Stilts Survey. An examination of the description of the 0.14 acre tract reveals that this tract was not a part of the highway right-of-way proper, but was a strip of land adjoining the right-of-way on the east side thereof, which the state apparently sought to condemn for drainage purposes. Since the judgment attempts to condemn a strip of land not described in the petition for condemnation,

it is clearly erroneous upon the face of the record.

■ Section 1 of Vernon's Ann.Civ. Statutes, Art. 3264, provides that the statement in writing required to be filed by the party desiring to condemn real estate "shall describe the land sought to be condemned." It has been held that "if this be not so done as to identify the land to be taken, the jurisdiction of the tribunal having power to condemn never attaches." Parker v. Ft. Worth & D. C. Ry. Co., 84 Tex. 333, 19 S.W. 518, 519; Wooten v. State, 142 Tex. 238, 177 S.W.2d 56.

■ It is a well settled rule that the County Court does not acquire jurisdiction to condemned land which is not described in the statement for condemnation, especially where there is nothing in the statement to suggest that the condemning authority intended to take the same. State v. Nelson, 160 Tex. 515, 334 S.W.2d 788. Consequently, since the 0.14 acre tract was not described in the appellee's petition, the jurisdiction of the trial court with regard to such tract never attached and as a result, the judgment condemning this particular tract was void.

■ Moreover, the verdict shows that the damages assessed by the jury in the amount of $733.00 were for both tracts taken as a unit. Although the trial court unquestionably had jurisdiction over the 7.33 acre tract, the court had no jurisdiction over the 0.14 acre tract and for that reason, the verdict and judgment assessing damages for the combined acreage cannot be sustained. Since the verdict combines the damages to both tracts, it is impossible to apportion the damages so as to sustain the judgment upon the 7.33 acre tract and to reverse and render as to the 0.14 acre tract. Consequently, we have no alternative other than to reverse and remand the cause for another trial. Rule 434, T.R.C.P.; Nelson v. State (Tex.Civ.App.) 324 S.W. 2d 898, rev. on other grounds, 160 Tex. 515, 334 S.W.2d 788.

■ While further discussion is not necessary, since it appears that the trial court has attempted to adjudicate title, we think some additional remarks would be appropriate. The record shows that the 7.33 acre right-of-way tract was laid out in such a manner that it straddled the common boundary line between land owned by appellant and other lands which were owned by her brother-in-law, Gordon Stubblefield. The state, rather than filing one suit against both appellant and Gordon Stubblefield, filed the present suit against the appellant alleging that she was the sole owner of the fee simple title of the 7.33 acre tract. At the same time, as we understand the record, the state also filed a separate condemnation proceeding against Gordon Stubblefield, alleging that he owned the fee simple title to the said 7.33 acre tract. At the time of trial, appellant filed a motion to consolidate the two suits. The motion was overruled and the cause proceeded to judgment against the appellant, Mrs. J. A. Stubblefield, only. The record fails to show just how much of the 7.33 acre right-of-way tract crossed over lands owned by appellant or what part of the 7.33 acre tract crossed over the lands owned by Gordon Stubblefield. Apparently, the trial court concluded that the evidence justified a finding that they each owned an undivided one-half interest in the land sought to be condemned. At any rate, the judgment shows that the court attempted to adjudicate the title. This the court was without power to do, since the County Court had no jurisdiction to decide questions of title. Gandy v. State (Tex. Civ.App.) 319 S.W.2d 375.

After considering the entire record, with its numerous deficiencies and irregularities, it seems to us that we are confronted here with a situation similar to that disclosed in Buchanan v. Jean, 141 Tex. 401, 172 S.W. 2d 688, 689, wherein Chief Justice Alexander remarked: "The whole proceedings were carried on in such an irregular manner that the case cannot be made to fit into any standard pattern or rule of decision."

In view of another trial, we suggest that with respect to the 7.33 acre tract, the petition in condemnation be amended so as to specifically describe, by a metes and bounds description, the land owned by appellant which the state seeks to condemn.

The judgment of the trial court is reversed; the proceeding as to the 0.14 acre tract is dismissed; and as to the 7.33 acre tract, the cause is remanded.

Reversed and remanded.