**W. C. BROWN et al., Relators,**

v.

**LOWER COLORADO RIVER AUTHORITY,**
**Respondent.**

**No. 11994.**

Court of Civil Appeals of Texas,
Austin.

Sept. 20, 1972.

McKay & Avery, Michael A. Wash, John J. McKay, Austin, for relators.

Mac Umstattd, Small, Herring, Craig & Werkenthin, Fred B. Werkenthin, Austin, for respondent.

PER CURIAM:

Relators are owners of approximately 418 acres of land lying in Travis and Bastrop Counties and seek to enjoin temporarily the Lower Colorado River Authority from taking possession of a right of way 200 feet wide across relators' land for location of a transmission line to distribute electric energy.

Special commissioners, appointed in Travis County to assess damages occasioned by condemnation of the easement, awarded relators $13,500, after which relators filed their objections and exceptions to the award in County Court at Law. The Authority thereafter was permitted by the trial court to deposit the amount of the award and to take possession of the condemned right of way preparatory to erecting the electric transmission line. Relators sought a temporary injunction before the trial court to restrain the Authority from removing trees from the land and performing other work preliminary to actual construction of the transmission line. The trial court denied relators' application for injunction, and relators perfected their appeal to this Court.

Relators are before this Court, however, in an original proceeding seeking to restrain the Authority temporarily pending hearing on relators' appeal.

Relators allege that the respondent has gone upon "relators' land and threatens, and is about to scrape and gouge relators' land bare of any and all growth, and threatens, and is about, to totally destroy numerous budded pecan trees which stand in the path of the 200' wide easement." Relators say that they "fear the subject matter of . . . [their] appeal, i. e., the undisturbed land in its present state, will be destroyed and relators caused to sustain great and irreparable damage and injury to their land unless . . ." respondent is restrained.

The general rule governing a hearing on an application for temporary

injunction limits the court to the question of the applicant's right to preservation of the *status quo* of the subject matter of the suit pending a final trial on the merits. Transport Company of Texas et al. v. Robertson Tranports, Incorporated et al., 152 Tex. 551, 261 S.W.2d 549, 552 (1953). "To warrant the issuance of the writ, the applicant need only show a probable right and a probable injury . . . [and] is not required to establish that he will finally prevail in the litigation." (261 S.W.2d 552, and authorities cited).

■ Temporary injunction in condemnation cases is an appropriate remedy "when there is a threatened taking in any proceeding which may be void for any reason." Lone Star Gas Company v. City of Fort Worth et al., 128 Tex. 392, 98 S.W.2d 799, 801 (1936). Examples of void condemnation proceedings stated by the Supreme Court in that case are those (1) conducted under an inapplicable statute, or (2) under a statute which is unconstitutional, or (3) where the property sought to be taken is not within the area in which the condemning authority has power of eminent domain.

■ Relators assert in general terms that certain requirements of Article 3264, Vernon's Ann.Tex.Civ.St., have not been met and that therefore the proceedings are void. It is settled that if the condemnation proceedings pending in the county court at law are void for want of power or jurisdiction, such proceedings may be enjoined. Tarrant County v. Shannon et ux., 129 Tex. 264, 104 S.W.2d 4, 10 (1937). The record discloses that relators appeared before the special commissioners and resisted the condemnation proceedings on the merits. Relators thus waived any objection they might have had that negotiations preliminary to institution by the Authority of condemnation proceedings were not in strict conformity with the statute. Jones et ux. v. City of Mineola, 203 S.W.2d 1020, 1023 (Tex.Civ.App. Texarkana 1947, writ ref.).

Relators complain that the Authority did not consistently follow survey lines in determining where the proposed transmission line would be constructed, and that with reference to relators' property the Authority designed the transmission structure to follow a property line, as opposed to an original survey line. Moreover, relators insist that the Authority, by placing its transmission line on land adjoining that of relators, could have avoided using any of relators' property and that such "course was both feasible, desirable, customary, and less expensive than the course taken through Relators' property."

In this connection relators contend that the Authority, in locating its line across their property instead of along a course not crossing their land, acted in an arbitrary and capricious manner, giving grounds for injunctive relief.

■ In the absence of pleading and proof that the condemnor's action was founded on fraud, or was arbitrary and capricious, the only issue on appeal from award of the special commissioners is the amount of damages recoverable under Article 3265, V.T.C.S. Kennedy v. City of Dallas, 201 S.W.2d 840, 841 (Tex.Civ.App. Dallas 1947, writ ref. n. r. e.); Wagoner v. City of Arlington, 345 S.W.2d 759, 763 (Tex.Civ.App. Fort Worth 1961, writ ref. n. r. e.). Proof of arbitrary and capricious action is not made by "showing that alternate plans might be feasible or better adapted to the project . . . which would not require . . . [relators'] property . . ." (345 S.W.2d 763).

■ "Action is not arbitrary and capricious when exercised honestly and upon due consideration, where there is room for two opinions, however much it may be believed that an erroneous conclusion was reached." (345 S.W.2d 764). The courts will not review the discretion of the condemnor in this respect. Texas Electric Service Company v. Lineberry, 327 S.W.2d 657, 664 (Tex.Civ.App. El Paso 1959, writ dsmd.).

We find no showing in the record that the Authority acted fraudulently, arbitrarily or capriciously in determining the necessity of condemning the right of way across relators' land. The Authority appears to have complied with the eminent domain statutes, and under Article 3268 is authorized to take possession of the land within the condemned right of way. Relators have an adequate remedy at law to recover their damages permissible under Article 3265.

The application for temporary injunction is denied, and the restraint heretofore placed upon the Authority by this Court is set aside.

PHILLIPS, C. J., not sitting.