SULPHUR SPRINGS WATER DISTRICT,
Appellant,

v.

Oscar Robert HAWKINS et ux., Appellees.

No. 805.

Court of Civil Appeals of Texas,
Tyler.

Jan. 30, 1975.

Ramey & Allison, W. T. Allison, II, Sulphur Springs, for appellant.

Woodrow H. Edwards, Mount Vernon, Smith, Johnson & McDowell, William McDowell, Coy Johnson, Sulphur Springs, for appellees.

McKAY, Justice.

Appellant condemned a tract of land containing 122.12 acres which was owned by appellees. After a jury trial, judgment was rendered by the trial court on December 23, 1971, that appellant recover from appellees "all the fee simple title" to the land.

On March 27, 1974, appellees filed what is designated a Bill of Review in the same case bearing the same number alleging that the judgment previously "entered" contained "a ministerial error in that the paragraph setting out the fact that the Water District did not condemn the minerals and that the minerals were reserved to the landowners * * * was omitted through a ministerial error."

On July 3, 1974, the trial court, after hearing, rendered what was named "Amended Judgment" in which the Court found that a clerical error was made in the judgment of December 23, 1971, and that such clerical error should be corrected. The new judgment provided that appellant recover "all the fee simple title" as did the first judgment, but added a reservation to appellees of "all of the oil, gas, sulphur and other minerals under said land, without any right of ingress or egress" to explore, develop or mine such minerals.

Appellant brings this appeal from the "Amended Judgment" based on two points by which it contends that, (1) as a matter of law, the trial court abused its discretion by amending on July 3, 1974, its judgment dated December 23, 1971; and (2) the trial court, as a matter of law, abused its discretion and committed fundamental error in amending the judgment of December 23, 1971, because appellees' Bill of Review was invalid on its face.

We are confronted at the outset with the fundamental question of whether the first judgment dated December 23, 1971, was a valid judgment. If that judgment was void, then the trial court could not breathe life into it by amending it. Dews v. Floyd, 413 S.W.2d 800 (Tex.Civ. App.—Tyler, 1967, no writ); Holder v. Scott, 396 S.W.2d 906 (Tex.Civ.App.— Texarkana, 1965, writ ref'd, n. r. e.); Commander v. Bryan, 123 S.W.2d 1008 (Tex.Civ.App.—Ft. Worth, no writ); 34 Tex.Jur.2d, Judgments, Sec. 262.

The statement of the appellant-condemning authority, contained language to the effect that appellant, acting by and through its Board of Directors, found and determined that it was necessary, in locating and constructing a reservoir, "to own, take, occupy, acquire, hold and use" the land described, *"but excepting and reserving unto the owners, their heirs, executors, administrators and assigns, the mineral estate with the limitations therein noted * * *."* (Emphasis added.)

The pleading indicates that it was prepared and filed pursuant to a resolution of the Board of Directors passed on May 21, 1971. The prayer included a provision "that Plaintiffs have a decree of condemnation vesting all right, title and interest of Defendants in fee simple, *accepting* (sic) said *mineral estate* as described in Exhibit 'A' attached hereto * * *." (Emphasis added.)

We assume that the resolution of the Board of Directors was in accord with appellant's petition in condemnation. But it is apparent that appellant did not ask for condemnation of the mineral estate of appellees, and therefore the condemning court never acquired jurisdiction over such mineral estate. State v. Nelson, 160 Tex. 515, 334 S.W.2d 788, 790 (1960).

We quote from *Nelson,* supra:

" * * * the written statement is the initiatory step in the proceeding, and it is by virtue of this step that jurisdiction over the subject matter is acquired."

In Stubblefield v. State, 425 S.W.2d 699 (Tex.Civ.App.—Tyler, 1968, writ ref'd, n. r. e.), this Court said:

"It is a well settled rule that the County Court does not acquire jurisdiction to condemned (sic) land which is not described in the statement for condemnation, especially where there is nothing in the statement to suggest that the condemning authority intended to take the same."

Applying the rationale of *Nelson* and *Stubblefield,* we hold that the trial court never acquired jurisdiction of the mineral estate of appellees' tract of land. Therefore, the judgment awarding the fee simple title to appellant, which included the mineral estate, was void. It was fundamental error to render that judgment and it is our duty to consider such fundamental error which appears on the face of the record, whether same has been called to our attention by an assignment or point. Stubblefield v. State, supra.

In Stirman v. City of Tyler, 443 S.W.2d 354 (Tex.Civ.App.—Tyler, 1969, writ ref'd, n. r. e.), this court held that the city never exercised its legislative power to take a fee title by expressing its desire to do so, and therefore the court's authority was limited to the taking of an easement only, and a judgment for a fee title was erroneous.

Since the original judgment of December 23, 1971, was void, it could not be amended or reformed. 34 Tex.Jur.2d, Judg-

ments, Sec. 262. Therefore, we hold the second judgment of July 3, 1974, should be reversed and set aside, and the cause remanded to the trial court with instructions to enter a judgment in accord with appellant's statement of condemnation and prayer.

The judgment of the trial court is reversed and the cause is remanded with instructions.