**F.W. LUDEWIG and Vesterline Ludewig, Appellants,**

v.

**HOUSTON PIPELINE COMPANY and Intrastate Gathering Corporation, Appellees.**

No. 13–87–522–CV.

Court of Appeals of Texas, Corpus Christi.

May 25, 1989.

Rehearing Denied July 7, 1989.

See also, 737 S.W.2d 15.

Glen M. Boudreaux, Kirklin, Boudreaux & Joseph Houston, Roger D. Bellows, George West, Jack Chapline Vaughan, Jr., Kirklin & Boudreaux, and Stephen R. Darling, Kirklin & Boudreaux, Houston, for appellants.

William H. Keys, Wood, Boykin, Wolter & Keys, Corpus Christi, Dean Patton, Morrill & Patton, Beeville, Daniel J. Hyvl, Houston, and Victor M. Carrera, Law Offices of Ramon Garcia, P.C., Edinburg, for appellees.

Before DORSEY, UTTER and KENNEDY, JJ.

## OPINION

DORSEY, Justice.

This is a condemnation action. After preliminary negotiations failed, appellee Houston Pipeline Co. (HPL), filed its original Statement and Petition in Condemnation in which it sought to acquire a 50-foot wide pipeline easement through appellants' (Ludewigs') property. A description of the easement sought and a plat were attached to the original statement and petition. Three special commissioners conducted a hearing and awarded appellants the sum of $25,000.00. Appellants rejected the award as "grossly inadequate," while appellee labelled it "grossly excessive;" both parties filed objections to the award seeking a new trial in the District Court of Live Oak County. HPL deposited the amount of the award and received a writ of possession on July 25, 1985.

HPL took actual possession of the property and began to construct its pipeline. On November 26, 1985, the Ludewigs informed HPL in writing that the location of the pipeline under construction was not on the property condemned as described in its original petition; they demanded that all acts of trespass cease. When the demand went unheeded, the Ludewigs filed a trespass to try title action against HPL to recover possession of the land where the Ludewigs claimed the pipeline had actually been built, along with sums for rent and damages.

On January 15, 1986, HPL successfully obtained a temporary injunction enjoining appellants from interfering with its possession and use of the pipeline easement. It sought a permanent injunction as part of its condemnation suit.

On February 5, 1986, the trial court consolidated the actions of condemnation and trespass to try title.

At trial, the Ludewigs asserted that: 1) the description of the condemnation property in appellee's original petition was defective; 2) appellee acted arbitrarily and capriciously in determining the route of the pipeline and the quantity of land taken; and 3) appellee acted with malice in entering appellants' land.

The jury answered all special issues favorably to the Ludewigs. By their answer to Special Issue No. 1, the jury found that the description of the easement sought was not sufficient for a surveyor to locate the center line with reasonable certainty. They also found that HPL acted arbitrarily or capriciously in determining the route or the amount of land taken for the pipeline (S.I. 2); that HPL acted with malice by entering upon and occupying the property (S.I. 5); and various damages: value as of the day of taking, July 25, 1985—$12,500 (S.I. 3); fair compensation for the use of the land since July 25, 1985—$20,000 (S.I. 3); and $50,000 exemplary damages (S.I. 6). The jury failed to find that HPL would suffer irreparable injury if the Ludewigs interfered with HPL's right to use the easement (S.I. 6).

The Ludewigs moved for judgment on the verdict, and HPL moved to amend the description of the easement, to disregard most of the jury's answers, and for judgment. The court granted HPL's motions and entered judgment on August 17, 1987, granting an easement to HPL and awarding damages to the Ludewigs of $12,500. The easement granted was described by reference to the description contained in HPL's original statement and petition in condemnation, although that description had been superceded by HPL's amendment by leave of court. Upon motion by HPL, a second judgment was entered August 21, 1987, identical to the first, except a description of the easement was attached to the second judgment. However, that description was the one that had been superceded by the amended pleadings.

On September 9, 1987, a third and final judgment was entered, entitled "corrected judgment," disregarding the jury's answers to Special Issues 2, 5, 6, and 7. This "corrected judgment" granted HPL an easement (although the description was the original superceded one) and a permanent injunction against the Ludewigs from interfering with HPL's use of the easement; it

also awarded the Ludewigs damages in the amount of $13,500.

Appellants' basic contention is that the pipeline was not laid in the easement taken, as originally pleaded, in that the right of way called for a point of beginning at a stake set in the south property line 1,373 feet from the southeast corner of Ludewig's 477.53–acre tract. Which corner was the southeast corner of the tract was the core of the dispute. The jury found that the description of the centerline of the right-of-way was not sufficient to enable a surveyor to identify it with certainty. The Ludewigs argue that since the centerline of the easement sought cannot be determined, the purported condemnation fails, and HPL engaged in a trespass by entering upon the land and constructing the line.

■ By their first point of error, appellants complain that the trial court erred in entering a judgment that is fundamentally erroneous in two respects: that it does not conform to the pleadings and that it grants mutually exclusive remedies. The judgment does not conform to the live pleadings insofar as the description of the right-of-way condemned was amended by the condemnor after verdict upon leave of court, but the final "corrected" judgment utilized the superceded description. The ability of a condemnor to amend the description of the land taken after the commissioner's award was settled in *State v. Nelson*, 160 Tex. 515, 334 S.W.2d 788 (1960) where the Supreme Court held that such an amendment is proper when it does not inject entirely new subject matter into the proceedings thereby prejudicing the landowner. In the instant case, no new matters were raised by the amendment; only one right-of-way was sought, one taken, one path cleared, and one pipeline laid. The only dispute at trial, other than damages, was whether the point of beginning of the centerline could be located from the initial call from the Ludewigs' southeast corner. The issue arose as to which corner of the irregularly shaped tract was the southeast corner.

We will modify the judgment to incorporate the description of the centerline of the right-of-way as set forth in HPL's First Amended Statement and Petition in Condemnation filed July 15, 1987.

■ The second portion of appellants' first point of error complains that the judgment grants mutually exclusive remedies. Appellants argue that the jury's finding by Special Issue 1 that the description of the easement was insufficient nullifies the taking, so as to invalidate the writ of possession and render HPL a trespasser. Appellees counterargue by their fifth cross-point that the trial court properly disregarded the jury's answer to Special Issue No. 1.

As previously stated, the trial court properly allowed appellees to amend their petition in condemnation to correct perceived discrepancies in the original property description so that it reflected the actual location of the pipeline. As a result of the amendment, the jury's finding of an insufficient property description in response to Special Issue 1 is rendered immaterial and moot; it therefore cannot conflict with the recital in the judgment awarding the condemned land to appellee. We overrule the second portion of point of error one and sustain appellees' fifth cross-point.

■ By their eighth cross-point, appellees assert that the jury's answer to Special Issue No. 3 (awarding appellants $20,000.00 for the temporary rental value of their land), is also immaterial and should have been disregarded by the trial court. We agree.

Tex.Prop.Code Ann. § 21.044(a) (Vernon 1984) provides:

If a court finally determines that a condemnor who has taken possession of the property pending litigation did not have the right to condemn the property, the court may award to the property owner the damages that resulted from the temporary possession.

Tex.Prop.Code Ann. § 21.021(a) (Vernon 1984) sets forth the requirements for the lawful taking of property after an award has been made and while litigation is pending. According to this section, the condemnor must: 1) pay the amount of the award to the property owner; 2) deposit an

equal amount with the court to secure the payment of an award of damages by the court in excess of the special commissioners' award; and 3) execute a bond to secure the payment of additional costs that may be awarded to the property owner by the court or on appeal. The record reflects that appellees fully complied with all the foregoing requirements. Hence, under section 21.044(a), the trial court had no authority to award appellants damages for appellees' possession of their land pending litigation. Cross-point eight is sustained. Appellants' sixth point of error complaining of the trial court's remittitur of the jury's award for temporary rental value is overruled.

■ By their second point of error, appellants assert the trial court erred in disregarding the jury's answer to Special Issue No. 2 because there is sufficient evidence to support the conclusion that appellees acted arbitrarily and capriciously in determining the amount of land taken and in selecting the route of the pipeline. Appellees counterargue by their ninth crosspoint that there is no evidence to support the finding in question.

In order to uphold the trial court's action, this court must find either that Special Issue No. 2 is immaterial to appellants' cause of action, or that there is no evidence to support the finding. *Miller v. Bock*, 568 S.W.2d 648, 650 (Tex.1977); *Basin Operating Co. v. Valley Steel Products Co.*, 620 S.W.2d 773, 776 (Tex.Civ.App.—Dallas 1981, writ ref'd n.r.e.). In making a "no evidence" determination, we must review the evidence in its most favorable light, considering only the evidence and inferences which support the finding, and rejecting the evidence and inferences to the contrary. *Bock*, 568 S.W.2d at 650.

Generally, the discretion of the condemnor is nearly absolute as far as what land it may condemn for its purposes. Courts will not review this discretion except upon a showing by the landowner that the condemnor has acted fraudulently or in bad faith, or has acted in an arbitrary and capricious manner. *Lohmann v. Natural Gas Pipeline Company of America*, 434 S.W.2d 879, 881 (Tex.Civ.App.—Beaumont 1968, writ ref'd n.r.e.).

In support of their position that there is some evidence to support the jury's finding that HPL acted in an arbitrary and capricious manner, appellants direct our attention to the testimony of Robert Bradfield, HPL's Vice–President of Engineering Construction. Bradfield stated that he determined the route for the pipeline by drawing "a straight line between two points on the map," and then adjusting the line to account for "known structures on the ground." He further testified that he did not consider running the pipeline along public roads rather than through appellants' private land, although such a route was possible to follow. His decision was based on the fact that the "straight-line" course was the shortest and therefore least expensive option. Appellants contend that since appellees *could* have avoided appellants' land by routing the pipeline along public roads, but chose to ignore that possibility, they acted arbitrarily and capriciously in selecting their route.

Choosing the most economically feasible path for its pipeline is not evidence of arbitrary or capricious action. Where there is room for two opinions, an action cannot be deemed arbitrary when it is exercised honestly and upon due consideration, regardless of how strongly one believes an erroneous conclusion was reached. *Brown v. Lower Colorado River Authority*, 485 S.W.2d 369, 371 (Tex.Civ.App.—Austin 1972, no writ). Furthermore, a showing that alternate plans not involving the landowner's property might be feasible does not constitute proof of an arbitrary and capricious action. *Id.*

Appellants also contend that appellees acted arbitrarily in determining the size of their easement. They again point to the testimony of Bradfield, who stated on cross-examination that although HPL chose to condemn a 50–foot wide strip of land, it could just as easily have constructed the pipeline on a 10–foot wide easement. However, Mr. Bradfield also testified that 50 feet of space would be needed for maintenance purposes should appellees ever have

to dig up the pipeline. Although this rationale is based on what appellees admit is a "remote" possibility, it nevertheless constitutes a legitimate reason for condemning the 50–foot wide tract. Hence, we conclude there is no evidence of arbitrary and capricious behavior in this regard. We overrule appellants' second point of error and sustain appellees' ninth cross-point.

■ By their third point, appellants contend that the trial court erred in disregarding the jury's answer to Special Issue No. 5 because there is sufficient evidence to support the conclusion that appellees acted with malice in entering and occupying their property. They specifically argue that appellees acted maliciously in 1) trespassing on their property, and 2) arbitrarily determining the route of the pipeline. The second basis for the malice claim is without merit in light of our disposition of point of error two.

■ In regard to the claim of trespass, we note that appellees could not be guilty of trespass having strictly complied with Section 21.021 of the Property Code and taken lawful possession of appellants' property. *See Houston Lighting v. Klein Independent School District*, 739 S.W.2d 508, 519 (Tex.App.—Houston [14th Dist.] 1987, writ denied). We conclude the trial court properly disregarded the jury's answer to Special Issue No. 5. We accordingly overrule appellants' third point of error and sustain appellees' tenth and eleventh cross-points.

■ Appellant's fourth point asserts the trial court erred in disregarding the jury's answer to Special Issue No. 6 because the evidence supports the award of exemplary damages to appellants. The claim for punitive damages, however, is entirely dependent upon the existence of malice on the part of appellees. As we concluded in our discussion of point three that no malice was shown, we overrule point of error four and sustain appellees' thirteenth and fourteenth cross-points.

■ Appellants argue by their fifth point that the trial court erred in disregarding the jury's answer to Special Issue No. 7 because there is sufficient evidence to support the finding that Houston Pipeline will not suffer irreparable injury should appellants interfere with its right to use the easement.

Generally, a court will not order injunctive relief in the absence of irreparable injury; that is, the complaining party must show that the threatened injury cannot be adequately compensated by any remedies at law. *Public Utility Commission of Texas v. Pedernales Electric Cooperative, Inc.*, 678 S.W.2d 214, 219 (Tex.App.—Austin 1984, writ ref'd n.r.e.). It is settled law that when one is in lawful possession of premises, and another wrongfully attempts to invade this possession or destroy the use and enjoyment of the premises, the possessor, as a matter of law, has no adequate remedy at law and is entitled to an injunction restraining the wrongdoer. *City National Bank of Dallas v. Folsom*, 247 S.W. 591, 593 (Tex.Civ.App.—Dallas 1923, no writ); *see also Ives v. Karnes*, 452 S.W.2d 737, 741 (Tex.Civ.App.—Corpus Christi 1970, no writ). Hence, the only relevant issues regarding appellees' claim for injunctive relief relate to whether appellees were in lawful possession of appellants' property and whether appellants threatened a trespass of the property. The issue of irreparable injury is immaterial. Since the trial court properly disregarded the finding in question, we overrule point five.

Point seven asserts that the trial court erred in denying appellants' motion for judgment based on the findings of the jury. In light of our disposition of points one through six, wherein we concluded that the trial court properly disregarded the jury's answers to Special Issues No. 2, 5, 6, and 7, we overrule point seven. We have also considered appellees' remaining cross-points and overrule them as indispositive.

We reverse the judgment of the trial court and render that appellants take nothing for the temporary rental value of their land, and that appellants recover $12,500 from appellees for the right-of-way taken. We modify the judgment of the trial court to incorporate the description of the centerline of the right-of-way as set forth in

HPL's first amended statement and petition in condemnation filed July 15, 1987. The judgment is otherwise affirmed.

Judgment of the trial court is REVERSED AND RENDERED IN PART AND AFFIRMED AS MODIFIED IN PART.

KENNEDY, J., not participating.