The STATE of Texas, Appellant,

v.

ENTERPRISE BANK–HOUSTON,
et al., Appellees.

No. 10–93–121–CV.

Court of Appeals of Texas,
Waco.

March 16, 1994.

Katherine E. Clark Kasten and John B. Lay, Asst. Attys. Gen., Austin, for appellant.

Walker W. Beavers and Billy Coe Dyer, Vinson & Elkins, Houston, for appellees.

Before CUMMINGS and VANCE, JJ., and FRANK G. McDONALD, Chief Justice (Retired).

## OPINION

FRANK G. McDONALD, Chief Justice (Retired).

This is an appeal by the State of Texas from a judgment in a condemnation case which (1) decreed that the State recover a 42,951 square-foot tract of described land from Enterprise Bank; (2) found Enterprise entitled to $644,265 for its land; (3) ordered the State to pay Enterprise $245,790 ($644,-265 less $398,475 withdrawn by Enterprise after the commissioners' award); and (4) ordered prejudgment interest on the $245,790 at "10% compounded daily," from September 30, 1983, to March 17, 1993.

Enterprise owned a 42,951 square-foot tract of land adjacent to Gulf Freeway. In 1959, the City of Houston condemned an easement over 8,301 square feet of this tract for a City of Houston street easement for a "connector road" to take traffic from Gulf Freeway to Lockwood Drive. About 1976, the State reconfigured Gulf Freeway to cre-

ate a direct connection with Lockwood Drive. As a result, the City's "connector road" was no longer needed. The City "ripped out" the connector road and abandoned the 8,301 square-foot easement which reverted to Enterprise some years prior to the State filing this condemnation action in 1983.

The State filed this condemnation action to take title to *34,650* square feet out of the *42,951* square-foot tract owned by Enterprise. The special commission set Enterprise's compensation at $398,475. Both the State and Enterprise appealed the compensation issue to the trial court. The State deposited the amount of the commissioners' award and took possession of all Enterprise's property. Before trial, the State had constructed a bus transit station which completely covered the entire 42,951 square feet of land.

Trial was to a jury to which the court submitted the following question.

What was the market value of Enterprise–Houston's property taken or damaged by the State of Texas immediately before September 30, 1983?"

The jury answered: $644,265.60 (42,951 s.f. × $15 per s.f.)

After the jury returned its verdict, Enterprise moved the trial court to enter judgment on such verdict and submitted its proposed judgment which would convey 34,650 square feet of land to the State.

The State objected that Enterprise's form of "judgment only awards the State title to 34,650 square feet." At hearing for the entry of judgment, counsel for the State told the Court that the State wanted title to the entire 42,951 square feet of land owned by Enterprise. The court asked if the State wanted that relief, and counsel for the State replied, "Yes." The court then instructed counsel for Enterprise to change the proposed form of judgment to convey 42,951 square feet of land in accordance with the State's request. The judgment was so prepared and awarded the State title to 42,951 square feet of land.

The State appeals on fifteen points:

Point I asserts the trial court erred in rendering judgment for 42,951 square feet of land because the State only plead for 34,650 square feet.

Point II asserts the trial court erred in admitting evidence concerning the condemnation of 42,951 square feet of land because there are no pleadings for 42,951 square feet of land.

Point III asserts the trial court erred in not permitting the State to introduce its original petition into evidence.

Point IV asserts the evidence insufficient to support the finding by the jury because the maximum value evidence was $15 per square foot for an area of 34,650 square feet.

Point V asserts the jury finding is against the overwhelming weight of the evidence because the proof was that the land taken, 34,650 square feet, was valued at $15 per square foot.

Point VI asserts the damages found by the jury are excessive: far above the range of value for 34,650 square feet.

Point VII asserts the evidence factually insufficient to support the jury finding of $644,265 market value because $15 × 34,650 = $519,750: 34,650 square feet being sought in the State's petition.

Point VIII asserts the evidence conclusively established the property taken is limited to 34,650 square feet, and the jury awarded damages for 42,951 square feet taken.

Point IX asserts the trial court improperly overruled State's objection to evidence that plaintiff acquired more than 34,650 square feet of land.

Points I through IX are all based on the fact that the State, in its petition for condemnation, sought only 34,650 square feet of Enterprise's 42,951 square-foot tract. The evidence was that the 42,951 square-foot tract had a market value of $15 per square foot at the time of taking; that the City of Houston had at one time had a street easement over 8,301 square feet of Enterprise's land, but had abandoned the easement and the 42,951 square feet of land was totally owned by Enterprise at the time of taking; that the State constructed a bus terminal over the entire 42,951 square-foot area; and

that Enterprise submitted a judgment awarding the State 34,650 square feet.

The evidence was that the 8,301 square feet had a market value of $15 per square foot and that Enterprise's remainder of 8,301 square feet was totally damaged by the taking of the 34,650 square feet and the construction of a bus terminal over the entire 42,951 square feet.

■ When Enterprise submitted its proposed judgment awarding the State 34,650 square feet, the State requested judgment for title to the entire 42,951 square-foot tract; the trial court rendered such judgment, and the State is estopped from complaining of such judgment.

■ The parties to a condemnation action can consent to an enlargement of the area for which title is transferred. *State v. Nelson,* 160 Tex. 515, 334 S.W.2d 788, 791; *Ludewig v. Houston Pipeline Co.,* (Tex.App.—Corpus Christi, err. denied) 773 S.W.2d 610, 612–13.

In the instant case the State opted to take title to all 42,951 square feet owned by Enterprise instead of title to only 34,650 square feet as originally sought, and Enterprise consented.

■ A litigant who has voluntarily accepted the benefits of a judgment cannot afterward appeal therefrom. Such rule is based on the principle of estoppel. *Carle v. Carle,* 149 Tex. 469, 234 S.W.2d 1002, 1004; *Twin City Fire Ins. Co. v. Jones,* (Tex.App.— Houston [1st Dist.], err. denied), 834 S.W.2d 114, 115; *River and Beach Land Corp. v. O'Donnell,* (Tex.App.—Corpus Christi, no writ) 632 S.W.2d 885, 888.

■ Moreover, a litigant cannot ask for something of a court and then complain that the court committed error in giving it to him. The rule, grounded in even justice and dictated by common sense, is that he is estopped. *Northeast Texas Motor Lines v. Hodges,* (Comm.Appls.Op. adopted) 138 Tex. 280, 158 S.W.2d 487, 488; *Bayoud v. Bayoud,* (Tex. App.—Dallas, err. denied) 797 S.W.2d 304, 312; *Rogge v. Gulf Oil Corp.,* (Tex.App.— Waco, n.r.e.) 351 S.W.2d 565, 566. This court stated in *Rogge:* "having induced the court to render judgment on the verdict by affirmatively praying that 28 acres be awarded to plaintiff, defendants may not now complain of the action which they invited, requested and urged."

Points I through IX are overruled.

Points X through XII complain of the trial court's broad form submission to the jury; and points XIII and XIV complain of the court's admission of evidence that the City had abandoned the street easement over the 8,301 square feet, and its jury instruction thereon, because there were no pleadings to support same.

Our discussion under points I through IX likewise requires us to overrule "points X through XIV."

■ Additionally, the trial court, under this record, was authorized to merge the value of land taken with remainder damages in its question to the jury. *State v. Munday Enterprises,* (Tex.App.—Austin) 824 S.W.2d 643, 651, *rev'd on other grounds* (Tex.) 868 S.W.2d 319; *Westgate v. State,* (Tex.) 843 S.W.2d 448, 457.

Point XV asserts the judgment is usurious; it charges plaintiff with interest during an interest free period; and because it charges interest in excess of the lawful limit.

■ The judgment provided that Enterprise recover $245,790, "plus prejudgment interest on $245,790 at the rate of 10% per annum, *compounded daily from September 30, 1983, to date of the judgment, March 17, 1993,* which prejudgment interest amounts to $387,670." Article 5069–1.05, section 7 provides: "The rate of prejudgment interest in condemnation cases shall be the same as the rate of postjudgment interest at the time of judgment and shall be computed as simple interest." In amending article 5069–1.05, it appears that the legislature has singled out the types of cases requiring prejudgment interest to be computed as simple interest. *Enterprise-Laredo Assoc. v. Hachars Inc.,* (Tex.App.—San Antonio, err. denied) 839 S.W.2d 822, 839.

Point XV is sustained insofar as it relates to the judgment award of "10% per annum compounded daily" and to the total judgment

interest award of $387,670, and is otherwise overruled.

The judgment is reformed to delete the words *"compounded daily,"* and the total award of $387,670; and is affirmed as to the award of 10% per annum simple interest and a total amount of prejudgment interest of $232,522.