Reversed and Remanded and Majority and Dissenting Opinions filed April
14, 2005









Reversed and Remanded and
Majority and Dissenting Opinions filed April 14, 2005.

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-03-00392-CV

____________

 

BOARD OF REGENTS OF THE UNIVERSITY OF HOUSTON SYSTEM 

AND THE STATE OF TEXAS, Appellants

 

V.

 

FKM
PARTNERSHIP, LTD., A TEXAS LIMITED PARTNERSHIP, NATIONSBANK OF TEXAS N.A., CITY
OF HOUSTON, COUNTY OF HARRIS, HOUSTON COMMUNITY COLLEGE, AND HOUSTON
INDEPENDENT SCHOOL DISTRICT, Appellees

________________________________________________________________________

 

On Appeal from the County Civil Court at Law No. 3

Harris County, Texas

Trial Court Cause No. 712,808

________________________________________________________________________

 

D I S S E N T I N G   O P I N I O N








I respectfully dissent because I
believe the trial court lost jurisdiction over the special commissioners=
award.  The majority holds that dismissal
of this condemnation proceeding is not mandatory and would not fulfill the
statutory purpose.  My colleagues rely on
this court=s opinion in Blasingame v. Krueger,
800 S.W.2d 391, 394 (Tex. App.CHouston [14th Dist.] 1990, orig. proceeding) where we held A[The county] court is not confined to
simply reviewing [the commissioners=] findings like an appellate court.@). 
The court in Blasingame, however, did not address the
jurisdiction of the trial court to review the special commissioners= award.

First, an appeal to the district court or county court at law
in a condemnation suit is a special trial de novo proceeding; however,
jurisdiction is appellate as distinguished from original or concurrent.  State v. Nelson, 160 Tex. 515, 334
S.W.2d 788, 791 (1960).  Thus, although
the trial is de novo, it is limited to the issues presented at the
administrative proceeding before the special commissioners, the administrative
tribunal from which the court=s jurisdiction is derived. 
Board of Regents of University of Texas System v. Puett, 519
S.W.2d 667, 670B71 (Tex. Civ. App.CAustin 1975, writ ref=d n.r.e.). 

Second, the majority holds that Texas jurisprudence permits
the condemning authority to amend its condemnation pleadings.  While this is true, the condemning authority
may not amend to the prejudice of the landowner.  An amendment that materially prejudices the
rights of the landowner deprives the court of jurisdiction because it injects
new subject matter into the proceeding.  Nelson,
334 S.W.2d at 791.

Finally, the majority holds that
dismissing the condemnation proceeding does not fulfill the statutory purpose.  I respectfully disagree.  The Texas Supreme Court opined as follows:

A holding that the county court on appeal has all of
the power of a court of original jurisdiction would tend to thwart the purpose
of the Legislature in providing for the administrative hearing.  It would also violate the elementary rule as
to the subject matter over which an appellate tribunal may properly exercise
its jurisdiction.  See Wilbarger
County v. Hall, Tex. Com. App., 55 S.W.2d 797; 2 Am. Jur., Appeal and Error
s 11.

Id.








It is my considered opinion that
the majority confuses the requirements for appellate review with the concept of
trial de novo.  Moreover, by finding that
the county court has original jurisdiction, the majority thwarts jurisdictional
prerequisites expressed or implied in the statute.  Accordingly, I respectfully dissent and would
affirm the judgment of the trial court.

 

 

 

 

/s/        Charles W. Seymore

Justice

 

Judgment rendered and Majority and Dissenting Opinions filed April 14,
2005.

Panel consists of Justices
Fowler, Edelman, and Seymore.  (Fowler,
J., majority.)