Jerry A. STIRMAN et al., Appellants,

v.

CITY OF TYLER, Texas, Appellee.

No. 426.

Court of Civil Appeals of Texas.

Tyler.

June 26, 1969.

Rehearing Denied July 17, 1969.

* * *

A *Yes.*

Q * * * *that you were entitled to get them right along—*

A *Yes.*"

---

Ben E. Jarvis, James R. Lewis, Tyler, for appellants.

Henry L. McGee, Jr., W. M. Williams, Jr., Tyler, for appellee.

MOORE, Justice.

This is an appeal from the final judgment of the County Court in a condemnation proceeding brought by appellee, the City of Tyler, against appellants, Dr. Jerry A. Stirman and Robert B. Pope. Appellee, the City of Tyler, filed its petition in condemnation alleging that the governing body thereof had determined to improve and enlarge its water works system and in connection therewith had found it necessary to acquire land for a reservoir and a water shed therefor. The petition further alleged that the governing body of the city had found it necessary to acquire the title to the surface estate in a 421.35 acre tract of land owned by the appellants. The petitioner prayed for the appointment of commissioners to assess the value of the land and for a decree of condemnation, vesting the title to said interests in the land in the petitioner. Commissioners were duly appointed and assessed appellants' damages at $46,349.00, apportioning the same between the parties. The award was filed on December 30, 1965. Thereafter, on the 24th day of January, 1966, the city deposited the amount of the award into the Registry of the Court and took possession of the land. Being dissatisfied with the award, appellants elected not to withdraw the funds awarded and duly filed their objections to the award thereby appealing the case to the County Court of Smith County.

Prior to the trial in the County Court, the appellants filed special exceptions to the petition, a plea to the jurisdiction, and a motion in limine. In the plea to the jurisdiction, appellants asserted that the city failed to comply with the mandatory requirement of Section 1 of the City Charter requiring all official acts to be by resolution or ordinance. Hence they say that the trial court had no jurisdiction because the City Commission had never passed a resolution or ordinance finding a necessity to condemn their land for public purposes. In their motion in limine, they contended that since the city had expressed no desire to condemn the fee, the city should not be allowed to introduce any evidence with respect to the taking of a fee title and requested the court to restrict the evidence to a taking of an easement. Both motions, as well as the exceptions, were overruled.

Trial was before a jury. Three special issues were submitted to the jury and their answers thereto upon which the judgment was based are as follows:

"SPECIAL ISSUE NO. ONE:

"From a preponderance of the evidence what do you find was the fair cash market value of the surface estate of the 421.35 acre tract of land involved in this suit on January 24, 1966?

"Answer in Dollars and Cents per acre.

"Answer: $120.00

"In connection with the foregoing issue you are instructed that by the term 'surface estate' as used in the foregoing special issue is meant the surface of the land in question, exclusive of the oil, gas and other minerals.

"SPECIAL ISSUE NO. TWO:

"From a preponderance of the evidence, what do you find was the fair

cash market value of the minerals in, on, and under the 421.35 acres of land involved in this cause, immediately prior to January 24, 1966, when the City of Tyler asserted its right to take possession of the land?

"Answer in Dollars and Cents per acre.

"Answer: $50.00

"SPECIAL ISSUE NO. THREE:

"From a preponderance of the evidence, what do you find was the fair cash market value of the minerals in, on, and under the 421.35 acres of land involved in this cause, immediately after such taking of said land?

"Answer in Dollars and Cents per acre.

"Answer: $40.00."

The trial court entered judgment awarding the appellant landowners the sum of $46,349.00 and awarding the City of Tyler judgment for the fee simple title to the surface estate in the 421.35 acre tract of land. Appellants, being dissatisfied with that portion of the judgment condemning a fee simple title to the surface estate in their land filed a motion for new trial. After their motion for new trial was overruled by operation of law, appellants perfected this appeal.

By their eleventh point of error, appellants challenged the jurisdiction of the court on the ground that the City Commission failed to pass a resolution finding a necessity to condemn the land. The point appears to be without merit.

■ The record shows that on October 11, 1954, a resolution was adopted specifically finding a necessity of providing an additional water supply for the City of Tyler, and on June 4, 1965, another resolution was adopted authorizing the condemnation of appellants' land. We think these two resolutions when construed together comply with the City Charter requiring that the acts of the City Commission be by resolution or ordinance.

By the second, third, and fourth points of error, appellants assert that the trial court erred in awarding the city a fee simple title to the surface estate in their land because the court never acquired jurisdiction to condemn the fee to the surface. The basis of their contention is that there is no evidence, or at least insufficient evidence, to show that the governing body of the city had ever made any affirmative expression showing that they intended to acquire the fee simple title to the surface estate as distinguished from an easement, and for that reason they say that the court had no jurisdiction to condemn the fee. Therefore, they contend that the judgment should have limited the city to a recovery of an easement only. Appellants pray for a reformation of the judgment awarding the city an easement only, and alternatively, that the judgment be reversed and the cause be remanded for a new trial.

Our statutes provide that the nature of estate in lands, constituting the subject matter upon which the power of eminent domain operates, is that of an easement, except where otherwise provided by law. Article 3270, Vernon's Ann.Civ.St.; Burgess v. City and County of Dallas Levee Improvement District, (Tex.Civ.App.) 155 S.W.2d 402. Numerous exceptions to the rule have been provided by statute. Under the provisions of Articles 1109 and 1109b, V.A.C.S., incorporated cities and towns have the power to appropriate private property for public purposes in the improvement and enlargement of their water works system and in the construction of supply reservoirs and water sheds.

Article 1109, supra, provides:

"5. Any such city may acquire the fee simple title to any land or property *when same is expressed in the resolution ordering said condemnation proceedings by the governing body.*" (Emphasis supplied.)

Article 1109b, supra, provides:

" * * * the power of eminent domain hereby conferred shall include the right

of the governing authority, *when so expressed,* to take the fee in the lands so condemned * * *." (Emphasis supplied.)

It is admitted by the city that the governing body thereof never, at any time prior to the resolution authorizing condemnation, passed a formal resolution expressing a desire or intent to take the fee to the surface estate in the land in question. The resolution authorizing the condemnation of the land in question reads, in part, as follows:

"Commissioner Boehner moved that City Attorney Smith be authorized to institute condemnation proceedings when necessary to acquire parcels of land for Lake Tyler East. Motion was seconded by Commissioner Clay and carried unanimously."

The right of appellee in this case to acquire the fee simple title in the surface of the land condemned depended upon the question of whether or not the governing authorities had so expressed. Unless they had done so, appellee had no right to the fee in the land, and whether they had done so or not was a matter of proof. The city contends that although no formal resolution was passed expressing an intent to acquire a fee, no formal resolution was necessary. The city contends that commissioners may orally express their intent to acquire a fee and this, coupled with a subsequent resolution to condemn the land, would be sufficient to show their desire to condemn the fee. In support of this proposition, the city offered the testimony of the city engineer who testified that he had recommended to the City Commission that the fee simple title to the surface estate be acquired and that they acquiesced therein. The city also offered the testimony of the City Commissioners, who testified that at the time the above quoted resolution was passed, they were of the impression that the city was to acquire the fee to the surface estate. The city argues that this evidence constitutes a sufficient expression by the governing body authorizing the taking of a fee. We are not in accord with this proposition. The mere fact that the matter may have been discussed by the City Commission or that they may have secretly intended to take the fee at some time prior to their order for condemnation, we think falls short of proving that the governing authorities expressed themselves in the manner provided by law so as to entitle the City to the rights for which it contends in this appeal. As we construe the provisions of Article 1109 and 1109b, supra, some affirmative expression of a desire to condemn a fee must be made, either in the order of condemnation or by some other official act or order properly enacted by the governing body.

It is a well settled rule that the governing authorities of cities can express themselves and bind the cities only by acting together in a meeting duly assembled. They are authorized to delegate to others the right to perform acts and duties necessary to the transaction of the business of the city, but can do so only by resolution or ordinance, by a majority vote. City of Floydada v. Gilliam, (Tex.Civ.App.) 111 S.W.2d 761 (n. w. h.). Sections 1 and 47 of the City Charter so provide. While the provisions of Article 1109 and 1109b, supra, clearly authorize cities to determine whether particular lands may be expropriated to the extent of a fee simple estate or to the extent of an easement, the governing bodies of cities may not exercise such power by merely unexpressed intentions. It is necessary that they exercise the power by some affirmative certain expression because their action will ultimately affect the judgment of the County Court awarding a recovery of damages, as well as the extent of the expropriation. City of Floydada v. Gilliam, supra; Burgess v. City and County of Dallas Levee Improvement District, supra; 30 C.J.S. Eminent Domain § 450, pages 632, 633.

The power to make such determination is legislative and not judicial.

Burgess v. City and County of Dallas Levee Improvement District, supra; Cox v. Brown County Water Improvement District No. 1, (Tex.Civ.App.) 45 S.W.2d 1118.

■ As we view the record, the proof fails to establish that the city ever exercised its legislative power to take a fee title by expressing its desire to do so. Under these circumstances, the court's authority was limited to the expropriation of an easement only. Hence, it follows that if the court's power was limited to the expropriation of an easement, the judgment granting the city a fee title to the surface was erroneous.

The city contends, however, that the judgment may be sustained because of a certain validating ordinance subsequently passed by the city. The ordinance relied upon was passed on January 6, 1967, prior to the date of trial in County Court. It purports to ratify, confirm and adopt all actions of its attorneys and agents in condemning the land for Lake Tyler East. It did not, however, make any determination or expression of a desire to take the fee. The city argues that even though the original resolution condemning the land did not express a desire for a fee, the fact that the city attorney nevertheless filed a petition for fee title to the surface together with the fact that the city adopted his acts by passing the validating ordinance was sufficient to show that the governing body expressed a desire to take a fee rather than an easement. Therefore, they say that the validating ordinance is sufficient to supply the necessary proof showing that the city affirmatively expressed a desire to take the fee rather than an easement.

■ We recognize the principle that a governing body may effectively ratify what it could theretofore lawfully authorize, and ratification after the act is as potent as authority before the act. McQuillin, Municipal Corporation, 1968, Revised Vol. 4, Sec. 13.47, page 563. However, we do not believe that this principle of law finds application to the facts presented here.

■ It is now settled that the eminent domain jurisdiction of the county court is appellate as distinguished from original or concurring. State v. Nelson, 160 Tex. 515, 334 S.W.2d 788. This proceeding reached the County Court as a result of an appeal. Not having original jurisdiction in eminent domain proceedings, the county court did not have the power to enlarge the subject matter of the cause. The county court's jurisdiction being appellate only, upon appeal, the county court was limited to a review of only such matters as were properly before the administrative tribunal. Irrespective of the allegations in the petition for condemnation, the evidence shows that the subject matter over which the administrative tribunal had jurisdiction was limited to the expropriation of an easement only, since the governing body of the city had not expressed a desire to take the fee. Therefore, since the power of the administrative tribunal was limited to the expropriation of an easement, a review in the county court would likewise be limited to an easement. Thus, the court had no power to enlarge the subject matter of the cause so as to expropriate the fee to the surface. To say that the validating ordinance passed after the administrative hearing was sufficient to authorize the court to condemn the fee would be to hold that the parties could by-pass the administrative tribunal merely by enlarging the subject matter of the cause in the county court. As pointed out in State v. Nelson, this would violate the legislative intent. It would likewise violate the elementary rule as to the subject matter over which an appellate tribunal may exercise its jurisdiction. State v. Nelson, supra; Wilbarger County v. Hall, (Tex.Com.App.) 55 S.W. 2d 797; 2 Am.Jur., Appeal and Error, Sec. 11.

Having concluded that the judgment is erroneous in that it grants the city a fee rather than an easement, we come now to consider whether or not the judgment can

be reformed and affirmed. We have determined that it cannot.

In this connection, appellants would have us reform the judgment so as to grant the city an easement and after so doing, affirm the remainder of the judgment awarding appellants damages. An inspection of the judgment shows that the damages were based upon a finding of the market value of the fee to the surface estate. If we are correct in our conclusion that the city acquired nothing more than an easement, the judgment awarding appellants damages for a fee title is obviously excessive. It would therefore be manifestly unjust to decree a reformation so as to limit the city's recovery to an easement while at the same time require the city to respond in damages for the market value of the fee title to the surface. Nor can the judgment for damages be affirmed on the theory that the easement deprived appellants of all beneficial use of their land. The record shows that the lake, at maximum capacity, will cover only 221 acres, thus leaving approximately 200 acres which would be subject to some use. It thus appears that the error in the judgment is not subject to reformation.

The problem seems to have been created by the court's ruling on the plea to the jurisdiction. In the order overruling the plea, the trial court ruled that the court had jurisdiction to condemn the fee title to the surface estate, thus indicating that such was the issue to be tried. Faced with this ruling, appellants were compelled to proceed upon that theory. As a result, no evidence was adduced upon the question of the damages for the taking of an easement. Consequently, no issues were submitted thereon. It thus appears that the case was tried upon the wrong theory. For this reason and the other reasons hereinabove discussed, the judgment must be reversed and remanded for another trial.

In view of our decision to reverse, we defer discussion on the remaining points, as the matters discussed therein will depend on the evidence offered on another trial upon a different theory.

The judgment is reversed and the cause is remanded for a new trial.