Annie Laurie CLABAUGH, Appellant,

v.

CITY OF TYLER, Texas, Appellee.

No. 1067.

Court of Civil Appeals of Texas, Tyler.

Oct. 27, 1977.

Ben E. Jarvis, James R. Lewis, Tyler, for appellant.

Robert R. Schwartz, Tyler, for appellee.

DUNAGAN, Chief Justice.

This appeal is from a summary judgment in favor of appellee.

The judgment was based upon appellant's second amended original petition; her first supplemental petition; and appellee's fourth amended original answer, together with defendant-appellee's admissions of fact under Rule 169, T.R.C.P., and stipulations of the parties approved by the court.

Appellant, plaintiff below, sought rescission of her deed of July 14, 1965, to the City of Tyler covering 30.559 acres of her land, sought by the City of Tyler for use in connection with Lake Tyler East, then or shortly thereafter under construction. As grounds for such relief, she alleged facts in detail in support of her claim of (1) mutual mistake; or (2) constructive fraud; and/or (3) duress and coercion.

Appellant has brought forward three points of error by which she alleges that the court erred in granting appellee's motion for summary judgment because the summary judgment proof failed to establish as a matter of law that there is no genuine issue of fact as to one or more of the essential elements of her cause of action and therefore she was entitled to a trial on the merits. Appellant contends that the summary judgment evidence raises such issues of fact as to whether appellant, in executing the deed in question, acted as the result of (1) mutual mistake; or (2) as the result of misrepresentations of material facts; and/or (3) as the result of duress and coercion.

Appellant in her second amended original petition alleged the execution and delivery of the deed in question for fee title; that the deed was executed as the result of mutual mistake, or constructive fraud; that the substance of the mutual mistake was that both parties to the deed erroneously assumed that the City of Tyler did then possess the presently-exercisable power to acquire a fee simple title to plaintiff-appellant's land by a proceeding in court; that in the alternative, if the City at the time knew or should have known that it did not then have such power, then the representations to the effect it did have that power and authority were false and misleading as to a material matter; and in any event such representations were intended to induce, and did induce appellant to sign and deliver the deed, which she would not have done, but for such representations, which were not true.

Appellant in a further alternative alleged that if she was not entitled to have the relief for which she sued on the aforesaid premises, then and in any event, she was entitled to cancellation of said deed because of such representations, and the excessively-demanding conduct on the part of the land acquisition agent of the City to a degree that placed appellant under duress and coercion and mental restraint of such degree and character as to overcome her will and cause her to comply with the agent's demands, when otherwise, she would not have given the deed at all, and in so doing, she acted very much against and contrary to her will.

The City of Tyler, appellee, made admissions of fact under Rule 169, T.R.C.P., that after a careful search of the official minutes of the City of Tyler, prior to July 14, 1965, no motion, resolution or ordinance was found in which the term "fee title" or "fee simple title" was used in connection with a declaration or expression of a purpose of intention to acquire any such title in any land sought for use in connection with the construction and operation of Lake Tyler East municipal water reservoir.

The parties stipulated as to the facts deemed to be germane and relevant to the disposition of the motion for summary judgment, which in part are as follows:

"On October 1, 1954, the City of Tyler, . . . adopted a resolution, . . . specifically finding a necessity for providing an additional water supply for the City of Tyler.

"On June 4, 1965, the City of Tyler, . . . adopted a resolution . . . authorizing condemnation of certain land as in said resolution specifically identified" including appellant's land here involved.

"On the date of July 14, 1965, and prior to said date, BEN POINTS was the authorized agent of the City of Tyler, to act for the City within the scope of his authority as hereinafter stated, to obtain the execution of conveyances by landowners owning certain parcels of land to the City of Tyler for use in connection with the construction, maintenance and use of the Lake Tyler East municipal water reservoir, the same being the additional water supply project to which the Resolution of October 11, 1954, was related.

"As such Agent for the City of Tyler, BEN POINTS was charged with the duty and given the authority to communicate personally with the record owners of the numerous and various tracts and parcels of land being sought to be acquired by the City for said purposes of such lake and water reservoir, including the Plaintiff herein, ANNIE LAURIE CLABAUGH, then the owner in fee simple of the tract of land described in the deed . . ., finally executed on July 14, 1965. In the performance of this duty as such Agent, BEN POINTS, acting as so authorized and directed, did communicate with said Plaintiff . . . ."

Ben Points in the exercise of such authority so delegated to him "on more than one occasion prior to July 14, 1965, did communicate with Plaintiff" either in person or by telephone "requesting her to execute said deed." In addition to exhibiting a map to plaintiff "reflecting the location and boundaries of that portion of her land which the City had determined to acquire for the purposes of said lake", Ben Points also exhibited to Mrs. Clabaugh an instrument "which she could sign and thereby agree to accept the offer of the City for the purchase of said portion of her land, and further exhibited to her the form of the deed he requested her to execute . . . ."

"Plaintiff executed the agreement . . . . . Plaintiff subsequently executed the deed . . . on July 14, 1965."

That in so acting for the City of Tyler, said agent represented to appellant "that the City of Tyler then had the power and authority to take her to court and thereby obtain the title and estate in and to her said land as in said form of deed provided; and further represented that unless she executed the said agreement and the deed, the City would proceed to court to take such title and estate in said land."

That in making such representations and statements said agent acted in good faith belief that the representations so made were true. That "said representations were made with the intention that Plaintiff would be and she was thereby induced to accept and act thereon as requested; that BEN POINTS then understood and intended the Plaintiff would understand that his said representations were representations of fact."

That plaintiff did so understand "and believed that the City did indeed have the power and the intention to take from her said title and estate . . . by a proceeding in court . . . ." and in so believing, executed and delivered the deed, since otherwise she would not have done so.

That prior to on or about November 1, 1969, the City of Tyler had not passed or adopted any resolution or ordinance sufficient in law to authorize the condemnation of the fee simple title in and to any land sought to be acquired by the City for use in connection with Lake Tyler East.

Appellant contends that Ben Points' statements to Mrs. Clabaugh "that the City of Tyler then had the power and authority to take her to court and thereby obtain the title and estate in and to her said lands" and "that unless she executed the said agreement and the Deed, the City would proceed to court to take such title and estate in said land" were not true but false.

Appellant relies upon our decision in *Stirman v. City of Tyler*, 443 S.W.2d 354 (1969) in support of her contention that the City of Tyler did not then have a lawful right or authority to condemn the fee simple title to her land because at that time the City had not so affirmatively expressed such desire and therefore the statements of Ben Points were not true but false.

Art. 1109, V.T.C.S., provides:

"5. Any such city may acquire the fee simple title to any land or property *when same is expressed in the resolution ordering said condemnation proceedings by the governing body.*" (Emphasis supplied.)

Art. 1109b, V.T.C.S., provides:

". . . the power of eminent domain hereby conferred shall include the right of the governing authority, *when so expressed, to take the* fee in the lands so condemned . . . ." (Emphasis supplied.)

Art. 1175, sec. 15, V.T.C.S., provides:

". . . The power of eminent domain hereby conferred shall include the right of the governing authority, when so expressed, to take the fee in the lands so condemned . . . ."

We did not hold in the *Stirman* case that the City of Tyler had no lawful right or authority to condemn the fee simple title to the land there involved but only that the City never exercised its legislative power, right or authority granted it by expressing its desire to condemn the fee simple title and therefore the court's authority was limited to the taking of an easement only. *Sulphur Springs Water District v. Hawkins*, 519 S.W.2d 272 (Tex.Civ.App.—Tyler 1975, n. w. h.).

■ It is conceded by all parties that at the time Ben Points made the statements complained of here that the City had not made an affirmative expression of a desire to condemn the fee simple title. Since the City however did have the legislative power and authority to institute condemnation proceedings in any court of competent jurisdiction against Mrs. Clabaugh for fee simple title to the land in question, we do not deem the statements made by Mr. Points to be false, even though at the time of these statements the City had not exercised its legislative power to do so. This was relatively a simple matter for the City to do. We think it is rather obvious from the record that the City intended to do whatever was necessary to take the land by condemnation proceedings, including the fee simple title thereto if Mrs. Clabaugh had not executed the agreement and deed. Neither do we deem the statements to be threatening. It seems to us that Mr. Points was only trying to be helpful by fully informing her as to what could happen if she did not execute these instruments so that she might make her choice of action which hopefully would be the choice she made. An irregularity in the procedure such as in the *Stirman* case because of the absence of a resolution or other valid action by the City Commission of Tyler expressing the City's desire to condemn the fee does not make the statement made at the time, believed to be true and was in fact true, as a matter of law, fraudulent or false.

■ The well established rule is that a summary judgment should only be granted if the summary judgment record establishes a right thereto as a matter of law. *Gibbs v. General Motors Corporation*, 450 S.W.2d 827 (Tex.1970); *Prestegord v. Glenn*, 441 S.W.2d 185 (Tex.1969); Rule 166–A(c), T.R.C.P. The ultimate question is whether the summary judgment proof establishes that there is no genuine issue as to any material fact. Rule 166–A(c), supra. As we view the record, there is nothing in the summary judgment proof raising a disputed issue of material fact. It therefore follows that the appellee was entitled to a summary judgment as a matter of law.

The judgment of the trial court is affirmed.

McKAY, J., not participating.