# ATTORNEY GENERAL OF TEXAS

## GREG ABBOTT

December 15, 2003

The Honorable Norma Chávez
Chair, Committee on Border and
   International Affairs
Texas House of Representatives
P.O. Box 2910
Austin, Texas 78768-2910

Opinion No. GA-0130

Re: Authority of a home-rule city to permit a city council member to participate in the municipal group health insurance program  (RQ-0071-GA)

Dear Representative Chávez:

You ask three questions about a home-rule city's authority to allow city council members to participate in the city employee health insurance program (the "program"). The City of Pleasanton (the "City"), a home-rule city,[1] provides health insurance to its employees but not to city council members or other city officers. *See* Pleasanton, Tex., Ordinance 1094 ch. 10, § 10-01 (1994) (adopting "City of Pleasanton Employee Handbook") (full time employees and certain part-time employees are provided with medical health insurance). In connection with the employee health insurance program, you ask

> (1) If a home-rule charter is silent, may the city council authorize its members to participate in the city employee health insurance program, paying the council member's premiums with city funds?
>
> (2) If such participation is permissible, what mechanism should be used to authorize such participation; and
>
> (3) Would city-paid premiums constitute compensation to the city council members, subject to reporting and withholding under the Internal Revenue Code?[2]

---

[1] Letter from Representative Norma Chávez, Chair, Committee on Border and International Affairs, Texas House of Representatives, to Honorable Greg Abbott, Texas Attorney General (June 24, 2003) (on file with Opinion Committee) [hereinafter Request Letter]; *see also* Letter from Roberto Maldonado, City Attorney for Pleasanton, to Representative Gabi Canales, Texas House of Representatives (Mar. 13, 2003) (on file with Opinion Committee).

[2] *See* Request Letter, *supra* note 1 (questions one and three are paraphrased).

The City established a health insurance program for its employees a number of years ago. Although the City has not identified the authority or process by which it established the program,[3] home-rule cities as a general matter may provide such employee benefits. A home-rule city derives its power directly from article XI, section 5 of the Texas Constitution. TEX. CONST. art. XI, § 5; *see In re Sanchez*, 81 S.W.3d 794, 796 (Tex. 2002). It need not look to the legislature for grants of power but only for limitations on its powers, and may exercise all state powers not inconsistent with the constitution, general laws, or the city's charter. *See In re Sanchez*, 81 S.W.3d at 796; *Proctor v. Andrews*, 972 S.W.2d 729, 733 (Tex. 1998); *see also* TEX. LOC. GOV'T CODE ANN. §§ 51.071-.072 (Vernon 1999) (home-rule municipality has full power of local self-government). If the legislature decides to preempt a subject matter within a home-rule city's broad powers, it must do so with "unmistakable clarity." *In re Sanchez*, 81 S.W.3d at 796.

There is, moreover, statutory authority for the kind of health insurance program that the City wishes to extend to its council members. Local Government Code chapter 172 states that a political subdivision "may provide health and accident coverage for political subdivision officials, employees, and retirees," either directly or by participating in a risk pool. TEX. LOC. GOV'T CODE ANN. § 172.004(a) (Vernon Supp. 2004).

Home-rule cities generally control the compensation of their officers and employees. *See Byrd v. City of Dallas*, 6 S.W.2d 738, 740 (Tex. 1928) (city may engage employees upon any terms of payment acceptable to both parties); Tex. Att'y Gen. Op. No. JM-1194 (1990) at 1. "Compensation" includes benefits, such as insurance, provided to officers and employees. *See Friedman v. Am. Sur. Co. of New York*, 151 S.W.2d 570, 577 (Tex. 1941) (right to receive unemployment benefits is not a gratuity prohibited by Texas Constitution article III, section 51, but part of employees' "compensation" or "wages"); *Byrd*, 6 S.W.2d at 740 (pension is part of employees' compensation and not a gratuity prohibited by article III, sections 51-53, Texas Constitution); Tex. Att'y Gen. LO-97-100, at 2 (hospitalization insurance provided to officer is an emolument within Texas Constitution article XVI, section 40); Tex. Att'y Gen. Op. Nos. MW-156 (1980) at 4 (errors and omissions insurance coverage for county clerk is compensation); WW-731 (1959) at 3-4 (statute authorizing county to provide hospital insurance for officers and employees authorizes compensation, not an unconstitutional gratuity); *see also* TEX. HEALTH & SAFETY CODE ANN. § 263.043 (Vernon 2001) (commissioners court may provide hospitalization insurance as compensation for services of hospital board of managers). Pursuant to its charter authority to compensate employees and appointed officers, the City may provide health insurance for those persons.

The Pleasanton City Charter provides that "the Mayor shall receive a compensation of $30.00 per regular council meeting attended, and each Council Member shall receive a compensation of $20.00 per regular council meeting attended." PLEASANTON, TEX., HOME RULE CHARTER, art. IV, § 7 (1982). The charter also permits reimbursement of official city business expenses to the mayor

---

[3]The City could not locate any ordinances or resolutions that originated the program. *See* Letter from Roberto Maldonado, City Attorney for Pleasanton, to Susan Garrison, Assistant Attorney General, Opinion Committee, Office of the Attorney General (Sept. 18, 2003) (on file with Opinion Committee).

and city council where provided in the annual city budget. *See id.* The answer to your first question depends on how the charter provision setting city council members' compensation is construed. If the city charter is construed to limit council members' compensation to the stated amounts, the city may not provide additional compensation in the form of health insurance coverage to them. *See Lower Colorado River Auth. v. City of San Marcos*, 523 S.W.2d 641, 643-44 (Tex. 1975) (an ordinance or resolution adopted by a home-rule city must be consistent with the city charter). On the other hand, if the charter provision is not construed as a limit on city council members' compensation, the city may provide them additional compensation in the form of health insurance. This office does not ordinarily construe city charters or ordinances, in deference to municipal officials' authority to construe their municipality's ordinances and charters. *See* Tex. Att'y Gen. Ops. Nos. GA-0068 (2003) at 2 n.2; JC-0143 (1999) at 3; JM-846 (1988) at 1. Thus, we do not determine whether or not the city charter sets the maximum compensation city council members may receive. In construing this charter provision, City officials should rely on the rules for construing statutes. *See Mills v. Brown*, 316 S.W.2d 720, 723 (Tex. 1958). If the charter sets the maximum compensation for city council members, the City may not provide additional compensation to city council members absent an amendment to the charter.[4] *See generally* TEX. LOC. GOV'T CODE ANN. § 9.004 (Vernon 1999) (election to amend charter). If the charter does not set their maximum compensation, the City may provide the additional compensation without a charter amendment.

Your two additional questions are premised on the assumption that Pleasanton city council members may participate in the employees' health insurance program. Although we cannot determine whether the city charter permits council members to participate in the program, we will address these questions.

Assuming that the city charter allows council members to participate in the city employee health program, you wish to know how the city council may authorize such participation. The answer to this question depends in part on the terms of the health insurance program. If the program itself permits elected city officers such as city council members to participate in it, the city council may determine whether to extend coverage to its members, absent any different procedure set out in the program. *See City of Coppell v. Gen. Homes Corp.*, 763 S.W.2d 448, 456 (Tex. App.–Dallas 1988, writ denied); *Cook v. City of Addison*, 656 S.W.2d 650, 657 (Tex. App.–Dallas 1983, writ ref'd n.r.e.) (a city acts by and through its governing body); *see also Stirman v. City of Tyler*, 443 S.W.2d 354, 358 (Tex. Civ. App.–Tyler 1969, writ ref'd n.r.e.) (city council may bind the city only by acting as a body in a duly assembled meeting).

If the city employee health program does not authorize coverage for city council members, the council must amend it to authorize such coverage. A health insurance program adopted by city ordinance may be amended only by adoption of another ordinance. *See City of Hutchins v. Prasifka*, 450 S.W.2d 829, 832 (Tex. 1970) (city ordinance may be repealed only by ordinance, and not by resolution).

---

[4]The city council might also consider whether its members would wish to apply their per-meeting compensation to participation in the insurance program.

You finally ask whether insurance premiums paid by the City on behalf of city officers would be compensation subject to reporting and withholding under the Internal Revenue Code. This question is one of federal tax law appropriately addressed to the Internal Revenue Service rather than this office. *See* Tex. Att'y Gen. Op. No. JC-0482 (2002) at 7. While we will point out certain relevant provisions, we advise the City to direct its question to a tax professional or the Internal Revenue Service.[5]

An employee's gross income as a general rule does not include employer contributions to an accident or health plan. *See* I.R.C. § 106(a) (2003); 26 C.F.R. § 1.106-1 (2003). Whether the City's health insurance program falls within the general rule will depend upon its specific characteristics. *See, e.g.,* I.R.C. § 106 (2003); 26 C.F.R. §§ 1.104, 1.105-1–1.105-5 (2003). If the city health insurance program is within the general rule stated by the Internal Revenue Code, the premiums paid to provide coverage to city officers will not be compensation subject to reporting and withholding. *See* 26 C.F.R. § 31.3401(c)-1 (2003) (an "employee" for purposes of withholding tax includes officers and employees of a state or any political subdivision of a state).

---

[5]The Tax-Exempt and Government Entities Division of the IRS provides assistance to governmental entities. *See* Internal Revenue Service, IRS History and Structure, *available at* http://www.irs.gov/govt/fslg/index.html (last visited Oct. 21, 2003).

## S U M M A R Y

A city's payment of health insurance premiums for its officers or employees is a form of compensation. The City of Pleasanton may allow city council members to participate in its health insurance program only if this action is consistent with Pleasanton's home-rule city charter provisions setting the city council members' compensation. The appropriate procedure for including council members in the program depends, in part, on the terms of the program. Subject to certain exceptions in the Internal Revenue Code, an employee's gross income does not include employer contributions to an accident or health plan. Questions of federal tax law should be directed to the Internal Revenue Service.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

BARRY R. MCBEE
First Assistant Attorney General

DON R. WILLETT
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

Susan L. Garrison
Assistant Attorney General, Opinion Committee